UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS ASH<br>730 State Park Road<br>Newport, PA 17074 | : <br> : <br> : <br> : | CIVIL NO. : |
| Plaintiff | : | ELECTRONICALLY FILED |
| | : | |
| v. | : | |
| | : | |
| HEAT AND FROST INSULATORS<br>AND ALLIED WORKERS<br>LOCAL NO. 23 PENSION FUND<br>4785 Linglestown Road, Suite 200<br>PO Box 6480<br>Harrisburg, PA 17112-0480 | : <br> : <br> : <br> : <br> : <br> : | |
| Defendant | : | |

COMPLAINT

COMES NOW the plaintiff, Douglas Ash, by and through his counsel Philpott Wilson LLP, and hereby complains of the defendant, Heat and Frost Insulators and Allied Workers Local No. 23 Pension Fund ("Local 23"), as follows:

I.   STATEMENT OF JURISDICTION

1.   Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(a)(1)(B).  This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy governed by ERISA, 29 U.S.C.  § 1011, et seq.

II.   VENUE

2.   Venue lies in this District pursuant to  29 U.S.C. § 1132(e)(2), because this is where the plaintiff resides.

III.   FACTS

3. The plaintiff is Douglas Ash, a married individual with an address of 730 State Park Road, Newport, PA 17074, in Perry County in the Middle District of Pennsylvania.

4. The defendant is the Heat and Frost Insulators and Allied Workers Local No. 23 Pension Fund (hereinafter "Local 23"), with a physical address of 4785 Linglestown Road, Suite 200, Harrisburg, PA 17112, and a mailing address of PO Box 6480, Harrisburg, PA 17112-0480. On its letterhead and on some forms it is referred to as "Insulators Local No. 23 Pension Fund".

5. At all relevant times, plaintiff was a member of Local 23.

6. Pursuant to his membership, he was eligible for Disability Benefits under Local 23's "Amended and Restated Plan of Benefits for the Insulators Local No. 23 Pension Fund" ("the Plan").

7. The Plan is subject to the provisions of Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA").

8. Path Administrators ("the administrator") administers Disability Benefits for Local 23 under the Plan.

9. However, Local 23 itself, through its Board of Trustees exercises discretionary authority and control over the Disability Benefits under the Plan and as such is a fiduciary under the Plan and ERISA.

10. On December 23, 2014, plaintiff became disabled within the meaning of the Plan.

11. At the time he became disabled, the language of the Plan as to Disability Benefits was: "The Disability Pension shall be in the form and amount of an Employee-Only Pension . . . (1) Without reduction because such retirement preceded the Normal Retirement Date . . . . This form of pension shall commence on the first day of the month following the later of: (a) The date occurring six months after the inception of the disability; and (b) receipt of application by the Board."

12. On April 20, 2015, the Administrator provided plaintiff a form and instructions for applying for Disability Benefits and instructed him not to

submit it before June 1, 2015.

13. On June 18, 2015, Local 23 voted to amend its Disability Benefits provisions in pertinent part as follows: "The Disability Pension shall be in the form and amount of an Employee-Only Pension . . . (1) <u>With reductions as set forth below</u> because such retirement preceded the Normal Retirement Date . . . . This form of pension shall commence on the first day of the month following the later of: (a) The date occurring six months after the inception of the disability; and (b) receipt of application by the Board." Emphasis added. The amendment further provided a formula for reducing the pension depending on how far away Normal Retirement was.

14. On June 30, 2015, plaintiff completed an application to Local 23 for Disability Benefits to commence July 1, 2015. The application package included all the required evidence and a doctor's certification that he was disabled.

15. Plaintiff had no knowledge of the change in benefits when he completed the application.

16. On July 2, 2015, Local 23 presented plaintiff with a benefit form containing the reductions pursuant to the June 18 amendment. The reduction amounted to 20% of the Disability Pension that had been in effect prior to June 18. The reduction would last until Normal Retirement Age, 80 months away. The total reduction in plaintiff's pension should he survive to Normal Retirement age would be $54,170.

17. On July 6, 2015, plaintiff filed a handwritten administrative appeal from the changed calculations. Exhibit A, attached hereto and incorporated herein by reference, is his appeal.

18. On September 30, 2015, Local 23 denied plaintiff's appeal. In a letter dated October 6, 2015, attached hereto and incorporated herein by reference, the Administrator advised plaintiff that any further appeals would have to be

under ERISA.

19. As a direct and proximate result of Local 23's denial of appeal, the plaintiff has had to incur attorney's fees in an amount not yet known.

20. Local 23's denial was unreasonable, arbitrary, and capricious in that Local 23 consciously and deliberately changed the calculation of Disability Benefits while plaintiff was already disabled and after instructing him as to how to get Disability Benefits under the rules in effect prior to the June 18 amendment and without even informing him of the change.

CAUSE OF ACTION

21. The action of Local 23 in reducing plaintiff's Disability Benefits under the Plan in effect when plaintiff became disabled was arbitrary, capricious, and unreasonable, and was not made in good faith and was made in violation of 29 U.S.C. § 1011, et seq..

22. Plaintiff has exhausted his administrative remedies under the Plan.

WHEREFORE plaintiff applies for relief under 29 U.S.C. § 1132(a)(1)(B) and for judgment against Local 23 as follows:

1. Ordering Local 23 to pay plaintiff Disability Benefits from July 1, 2015, at the amount under the Plan that was in effect through June 17, 2015, and continuing until retirement age;

2. Awarding the plaintiff prejudgment interest on the award until the date of judgment;

3. Awarding the plaintiff his attorney's fees, court costs and other reasonable costs incurred; and

4. Granting such other and further relief as the Court may deem just and

proper.

        Respectfully submitted,

        ___/s/ Jerry A. Philpott_____
        Jerry A. Philpott, Esquire
        Supreme Court ID No. 47624

        PHILPOTT WILSON LLP
        227 N. High St., P.O. Box 116
        Duncannon, PA 17020

Dated: March 29, 2016

Exhibit A    July 2, 2015, handwritten appeal
Exhibit B    October 6, 2015, denial of the appeal